## KARNS and others *v.* ATLANTIC & OHIO R. Co. and others.[*]

*(Circuit Court, E. D. Pennsylvania.* October 19, 1881.)

1. REMOVAL OF CAUSES—JURISDICTION—ACT OF MARCH 3, 1875.

The United States courts have no original jurisdiction under the act of March 3, 1875, (18 St. 470,) in suits between citizens of one state and citizens of the same and of another state.

Demurrer to Bill in Equity.

The bill was filed in the United States circuit court for the eastern district of Pennsylvania by Samuel D. Karns and George C. Howe, both citizens of Pennsylvania, against the Atlantic & Ohio Railroad Company, the Royal Land Company, and the Potomac, Fredericksburg & Piedmont Railroad Company, all three being corporations of the State of Virginia; six individual defendants being the stockholders of said Atlantic & Ohio Railroad Company, one of them being a citizen of Pennsylvania, and the remaining five being citizens of other states, and L. Harry Richards, Jacob H. Walter, and P. Y. Hite, all citizens of Pennsylvania.

The complaint of the bill was, in brief, that complainants, who, as contractors, had built and completed the Potomac, Fredericksburg & Piedmont Railroad, had, on account of financial embarrassments, assigned their contract, together with a controlling interest which they owned in the stock of the Royal Land Company, a corporation which had purchased the railroad, to respondents Walter and Hite, as collateral security for money advanced, and in trust to sell the road, reimburse themselves and the complainants, and pay the surplus to the Royal Land Company; that Walter and Hite had, in conjunction with the Royal Land Company, which they controlled by means of complainants' stock, made, in fraud of the trust, a formal sale and transfer of the said road to respondent L. Harry Richards, for a nominal consideration, but upon a secret trust for their own benefit; that Richards, acting as their agent, had contracted to sell the road to respondents, the Atlantic & Ohio Railroad Company, for $300,000. Complainants prayed for an injunction to restrain the purchaser from paying the consideration to Richards, and for a receiver to receive the consideration money and hold it until final hearing.

The court, after hearing, granted a preliminary injunction and

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

appointed a receiver.   Respondents then filed a demurrer to the bill on the ground that the court had no jurisdiction.

*Joseph De F. Junkin, E. Coppee Mitchell,* and *George Junkin,* for complainants.

*George Tucker Bispham,* for Walter and Hite

*George L. Crawford* and *George M. Dallas,* for L. Harry Richards.

*T. Elliott Patterson* and *Hugh W. Steffey,* for Atlantic & Ohio Railroad Company.

BUTLER D. J., *(orally.)*   When the bill in this case was first presented, it was observed that the plaintiffs were citizens of Pennsylvania, that some of the defendants were citizens of Virginia and some citizens of Pennsylvania.   The question of jurisdiction at once presented itself to the court, and the attention of counsel was called to it.   Effort was made to obviate the objection by amendment, and the case was argued upon the motion for prelimiary injunction.   The court did not think the amendment effected any change, and again called attention of counsel to the subject, being reluctant to retain jurisdiction, and especially to grant an injunction, while there was room for serious question as to the jurisdiction.   I entertained doubt whether it was not my duty before granting the injunction to consider and pass upon the question, but supposed that inasmuch as counsel for respondants did not raise it, there might be more room for doubt than I saw.   I took care, in the opinion, to say that the action of the court was based only upon the questions discussed.   Subsequently the question of jurisdiction was raised by demurrer.   The impression entertained at the outset has, after listening to the discussion, and after careful consideration, deepened into conviction, which is shared by Judge McKennan.   In my judgment the matter is not open to doubt.

Our jurisdiction must be referred to the act of March 3, 1875. The language of the first section of this act is identical with that of the first clause of the second section.   The first section has not heretofore called for construction by the courts.   The second section has repeatedly, and the decisions of the supreme court upon it have been uniform.   In the *Removal Cases,* 100 U. S. 469, although the judges were not unanimous, a majority held that the statute gives jurisdiction only where the controversy is one exclusively between citizens of different states; where all the defendants reside in a state other than that in which plaintiffs reside; that where one or more reside in the same state as a plaintiff, the court has no jurisdiction; that it is only where a controversy exists between citizens exclusively of differ-

ent states that the court has jurisdiction. This construction of the second section must be taken as the construction of the first. The court has in two instances said so.

An argument was pressed upon us, based on the second clause of the second section, intended to show that this clause contemplates a more extensive jurisdiction than I have indicated, as conferred by the first clause of this section. The argument was, that if the second clause conferred such jurisdiction, it must be referred back to the first, for it could hardly be intended that the court should exercise a more extensive jurisdiction in cases of removal than in cases where suit is directly brought in the federal court. In the *Removal Cases*, cited, the court did not feel called upon to construe the second clause of this section. I find, however, in the last volume of reports (*Barney* v. *Latham*, 103 U. S. 205) a case in which the clause has received a construction by the supreme court, viz., that by it congress intended to import into the act of 1875 the provision of the act of July 27, 1866, (14 St. at Large, 306,) that where there are several defendants, some residing in the same state with the plaintiff and others in different states, and there are several distinct controversies in the suit, the parties to a distinct controversy, residing in different states, may ask for a removal, (*Barney* v. *Latham*, 103 U. S. 205.) The court further holds that the act of 1875 goes beyond that of 1866, and authorizes the transfer of the entire suit; so that, the parties being as above, and there being a severable controversy between citizens of the same state and between citizens of different states, the act of 1875 authorizes a removal of the entire suit. It is true, therefore, that the second clause of the second section of the act of 1875 does confer in cases of removal a jurisdiction more extensive than that conferred by the first section. This view cannot, however, affect the construction of the first section. But even if the present suit had been brought in a state court, it could not have been removed, because there is here but a single controversy—a controversy between all the plaintiffs and all the defendants,—one in which all are jointly interested.

McKENNAN, C. J., (*orally.*) The conclusion arrived at by Judge Butler is the result of our joint consideration of the question, and I concur in what he has said.

Bill dismissed.

NOTE. If a part of the plaintiffs are citizens of the state where the suit is brought and a part of some other state the defendant cannot remove the suit.

*Middleton* v. *Middleton*, 7 Week. N. 144. So, if an action is brought against partners, the case cannot be removed if one of the partners is a citizen of the same state as the plaintiff. *Ruble* v. *Hyde*, 3 FED. REP. 330.—[ED.